# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL JEROME HOLLOWAY,** ) | |
| **AIS 129313,** ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 1:21-cv-605-WHA-CWB |
| v. ) | [WO] |
| ) | |
| **SID LOCKHART, et al.,** ) | |
| ) | |
| Respondents. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Michael Jerome Holloway ("Holloway"), an Alabama inmate, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 wherein he challenges his 1986 conviction for manslaughter. (Doc. 1).[1] For the reasons discussed below, the undersigned Magistrate Judge recommends that Holloway's petition be dismissed as time-barred. *See* 28 U.S.C. § 2244(d).

**I.      Introduction**

      **A.      State Court Proceedings**

On April 17, 1986, a Coffee County jury found Holloway guilty of manslaughter in violation of Ala. Code § 13A-6-3. (Doc. 9-1 at pp. 37, 75). On the same date, the trial court sentenced Holloway as a habitual felony offender to life in prison. (*Id.*). Holloway thereafter filed a timely motion for new trial, which was denied on June 20, 1986. (Doc. 9-1 at p. 37). Holloway did not file a direct appeal.

---

[1] References to documents filed in this case are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

On August 13, 1999, <u>over thirteen years after conclusion of the underlying proceedings</u>, Holloway filed a *pro se* petition for postconviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.² (Doc. 9-1 at pp. 8-23). The trial court dismissed the petition on February 4, 2000—finding it both meritless and time-barred by Ala. R. Crim. P. 32.2(c). (*Id*. at pp. 75-76). The Alabama Court of Criminal Appeals issued a memorandum opinion on August 18, 2000 affirming the dismissal. (Doc. 9-4). Holloway did not apply for rehearing and did not file a petition for writ of certiorari with the Alabama Supreme Court.

    **B.**    **Holloway's § 2254 Petition**

Holloway filed the instant § 2254 petition on September 1, 2021³ to assert: (1) that the State violated his right to equal protection under the law by systematically excluding African-Americans from his jury; and (2) that he received ineffective assistance of counsel. (Doc. 1). On December 6, 2021, Holloway amended the petition to add various other claims, including a claim that he is actually innocent of the underlying offense. (Doc. 14).

Respondents in turn contend that Holloway's § 2254 petition is time-barred. (Doc. 9). The undersigned agrees and recommends that the petition be denied without an evidentiary hearing and dismissed with prejudice.

---

² Under the "prison mailbox rule," a pro se petition is deemed to be filed on the date a prisoner delivers it to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

³ Although the petition was date-stamped as received by the court on September 10, 2021, Holloway avers that he placed the petition in the prison mailing system on September 1, 2021. (Doc. 1 at pp. 1, 15).

**II.     Discussion**

   **A.     Computation of Timeliness.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, a petition brought under § 2254 must be filed within one year of the date on which the underlying judgment becomes final, either by the conclusion of direct review or by the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Here, the final day upon which Holloway could have filed a notice of appeal on direct review was August 1, 1986, *i.e.*, 42 days after the trial court's

3

June 20, 1986 denial of his motion for new trial.[4] Because Holloway took no direct appeal, his judgment of conviction became final on that date. *See Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that defendant's conviction became final on the date his right to appeal expired where he did not seek a direct appeal from the conviction).

Notwithstanding the general limitations period of one year for seeking federal habeas relief, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Holloway], whose convictions became final long prior to the effective date of the AEDPA … 'would be unfair and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Eleventh Circuit thus adopted a "grace period" of "one year from the AEDPA's effective date" of April 24, 1996 for earlier-convicted prisoners to file federal habeas petitions. *Id*. at 1210-11. Even with that "grace period," however, Holloway would have been required to file his § 2254 petition by April 24, 1997—a deadline that expired well before his September 1, 2021 filing.

B. **Statutory Tolling**

A properly filed state court petition for post-conviction relief serves to toll the one-year limitations period under the AEDPA. *See* 28 U.S.C. § 2244(d)(2). Here, however, the one-year limitations period ran unabated for the full "grace period" and expired on April 24, 1997. Holloway's Rule 32 Petition as eventually filed on August 13, 1999 therefore had no tolling effect. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is

---

[4] Under Alabama law, the timely filing of a motion for new trial tolls the time for filing a notice of appeal, and the 42-day appeal period begins to run once the motion is denied. *See Ex parte Hitt*, 778 So. 2d 159, 161-62 (Ala. 2000); *Ex parte Holderfield*, 255 So. 3d 743, 744-45 (Ala. 2016); Ala. R. Crim. P. 24.1; Ala. R. App. P. 4(b)(1).

4

nothing left to toll."); *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).  Nor has Holloway set forth any facts or arguments to establish tolling under 28 U.S.C. § 2244(d)(1)(B), (C), or (D), *i.e.*, he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence.  Accordingly, statutory tolling cannot be applied to render Holloway's petition timely.

      **C.**    **Equitable Tolling**

The AEDPA limitations period also can be tolled on an equitable basis when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  Nonetheless, it has been explained that "equitable tolling is an 'extraordinary remedy,' ... 'limited to rare and exceptional circumstances' and 'typically applied sparingly.'" *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation omitted).  The United States Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted).  Holloway has made no argument for equitable tolling in this case, and the court otherwise knows of no basis that would support equitable tolling under the circumstances presented.

      **D.**    **Actual Innocence**

Even when a § 2254 petition is untimely, the door to review occasionally may be opened through a credible showing of actual innocence.  *See, e.g., McQuiggin v. Perkins*, 569 U.S. 383,

393-94 (2013).  Actual innocence in that context, however, means factual innocence and not mere legal insufficiency.  *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.") (citing *Schlup v. Delo*, 513 U.S. 298 (1995)).  The United States Supreme Court has described the narrow application of an actual innocence claim as follows:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. … To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.  Ultimately, a petitioner asserting actual innocence must establish that, in light of new reliable evidence, "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 327.

According to Holloway, an eyewitness named Jessie Satterwhite is willing to provide an affidavit affirming that he acted in self-defense when killing the victim.  (Doc. 14 at pp. 3-4).  Holloway states that Satterwhite would specifically testify that Holloway was in his own jail cell, minding his own business, when the victim attacked him—leaving Holloway no means of escape or retreat and necessitating that Holloway stab the victim in self-defense.  (*Id*. at p. 4).  Holloway further maintains that he previously asked his attorney to call Satterwhite to testify at trial (*Id*. at p. 5), that his family members "just recently" located Satterwhite again (*Id*. at p. 3), and that Satterwhite "has agreed to testify to matters herein" (*Id*.).

It can hardly be said that the potential Satterwhite testimony would constitute "new" evidence—as the petition acknowledges that Satterwhite's potential testimony was known to Holloway at the time of his trial.  (Doc. 14 at p. 5).  Not only that, Holloway has provided no affidavit from Satterwhite.  What Satterwhite might testify to (if indeed he were willing to testify) is essentially a matter of speculation at this point.  And Holloway has failed to provide a sufficient basis to demonstrate that any testimony from Satterwhite should be deemed reliable after a three-and-a-half decade delay in its presentation.  These failures, along with a review of the trial evidence as a whole, preclude a finding that Satterwhite's potential testimony would establish it as more likely than not that no reasonable juror would have found Holloway guilty.  *See Rozzelle*, 672 F.3d at 1012-18.

In short, Holloway has offered no new reliable evidence as required by *Schlup* to support a claim of actual innocence.  His unsupported assertions about what Satterwhite potentially would testify to are not the sort of extraordinary and reliable evidence that warrants the rare relief available under the actual-innocence exception.  As the Supreme Court has made clear, "the actual innocence exception remains only a safety valve for the extraordinary case."  *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (citation and internal quotation marks omitted).  This is not such a case.[5]

## III.  Conclusion

For these reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that Holloway's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice.

---

[5] Holloway also maintains that the State withheld exculpatory evidence in the form of his taped statement to the warden.  (Doc. 24 at pp. 11-19).  Such an allegation plainly fails to demonstrate any new reliable evidence proving factual innocence.

7

It is hereby ORDERED that any objections to this Recommendation be filed no later than January 17, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a *de novo* determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 3rd day of January 2023.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**